(No. 49192.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN GLISSON, Appellee.

*Opinion filed January 20, 1978.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

James W. Reilley, of Reilley, Bell & Weinberg, of Chicago, for appellee.

Thomas P. Durkin, of Chicago, for *amicus curiae* Illinois Association of Criminal Defense Lawyers.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

In 1942, John Glisson was convicted in Cook County of the misdemeanor of contributing to the delinquency of a minor, and received a 30-day sentence. He was subsequently arrested, but released without being charged, on seven separate occasions between 1950 and 1958. In 1974, the petitioner received a certificate of pardon from the Governor of Illinois for his conviction in 1942. Under a provision of "An Act in relation to criminal identification and investigation," he later filed petitions in the circuit court of Cook County asking the court to order the return of all records of identification in the possession of the Chicago Police Department and the Illinois Department of Law Enforcement which related to his original conviction and to the seven subsequent arrests as well. The petitions also sought orders directing the expunction of his arrest records and the record of his conviction. (Ill. Rev. Stat. 1975, ch. 38, par. 206—5.) The circuit court granted the petitions. It did not expressly base its orders upon that portion of the Act which provides for expunction of an arrest record and the return of records of identification

under the circumstances set out in the statute. (Ill. Rev. Stat. 1975, ch. 38, par. 206—5.) The appellate court affirmed the action of the trial court (44 Ill. App. 3d 108), and we allowed the People's petition for leave to appeal.

The relevant section of "An Act in relation to criminal identification and investigation" provides:

> "*** All photographs, finger prints or other records of identification so taken shall, upon the acquittal of a person charged with the crime, or, upon his being released without being convicted, be returned to him. Whenever a person, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, is acquitted or released without being convicted, the Chief Judge of the circuit wherein the charge was brought, or any judge of that circuit designated by the Chief Judge, may upon verified petition of the defendant order the record of arrest expunged from the official records of the arresting authority. ***" Ill. Rev. Stat. 1975, ch. 38, par. 206—5.

The People do not contest in this court and we need not consider those portions of the court's orders directing the return to the petitioner of all photographs, fingerprints or other records of identification taken on the occasions of his seven arrests between 1950 and 1958 and the appellate court's affirmance of the orders. The first sentence of the statute quoted above unequivocally grants this right of return to a person acquitted or released without being convicted, without reference to whether the person has previously or subsequently been convicted of a crime.

The only questions then are whether the petitioner has a right to the expunction of his eight records of arrest, including the arrest record relating to his conviction in 1942, and whether he is entitled to the return of his fingerprints, photographs and any other identification records relating to the 1942 arrest and conviction. We have concluded that the answers must be in the negative.

The Governor has the constitutional power to "grant reprieves, commutations and pardons, after convictions, for

all offenses on such terms as he thinks proper." (Ill. Const. 1970, art. V, sec. 12.) It is recognized that the effects of a pardon are not unlimited. (See *People v. Rongetti*, 395 Ill. 580, 584.) Illustrating this, the legislature has explicitly provided in certain areas for rights and benefits to the pardonee beyond those afforded by the granting of the pardon. For example, it has restored the right to hold public office to certain pardoned persons (Ill. Rev. Stat. 1975, ch. 46, par. 29—15), and has made it possible for persons pardoned on the ground of innocence of the crime involved to have claims considered by the Court of Claims (Ill. Rev. Stat. 1975, ch. 37, par. 439.8(c)). Further illustrating the recognition of the limitations of a pardon on the rights of pardoned persons, the Executive Clemency Rules Book issued by the Illinois Parole and Pardon Board states: "The granting of a pardon does not expunge the record. It merely provides official forgiveness, which only in recent years is noted on fingerprint transcripts." State of Illinois Department of Corrections, Parole and Pardon Board, Executive Clemency 2 (1973).

The legislature has not acted to authorize the expunction of arrest records or the return of identification records to a convicted person upon the granting of a pardon, and it cannot be concluded that the simple issuance of a pardon vests the recipient with an entitlement to this expunction and return.

Nor can the petitioner claim this right under the statute we have quoted from above. The statute authorizes the expunction of records of arrest only for persons "not having previously been convicted of any criminal offense or municipal ordinance violation." And it limits the right to the return of identification records to those persons who have been acquitted of the crime for which the arrest was made or who have been released without having been convicted. The petitioner, because of his conviction, is obviously beyond the statute's reach.

We would add that our recent holding in *In re St.*

*Louis,* 67 Ill. 2d 43, is not in point. The holding there involved a juvenile who had been released without charge.

For the reasons given, the judgments of the circuit and appellate courts are reversed with respect to their expunction of the petitioner's eight arrest records and the return of identification data relating to his 1942 arrest and conviction. The unaffected portions of the judgments are affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*