JOHN W. YOUNG, III, Petitioner-Appellant, *v.* EDWARD H. KEEFE, State's Attorney of Rock Island County, Respondent-Appellee.

Third District   No. 77-480

Opinion filed October 19, 1978.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island, *pro se* (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the Court:

John W. Young III appeals from an order of the Circuit Court of Rock Island County denying the request for expunction of certain of his arrest records. Petitioner Young filed a *pro se* petition with the Circuit Court of Rock Island County requesting that certain of his arrest records be expunged pursuant to procedures outlined in section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1977, ch. 38, par. 206—5). The State's Attorney, Edward H. Keefe, of Rock Island County, objected to the expunction of the records. Following appointment of counsel for the petitioner, hearing was held on the

petition and at the conclusion of the hearing the trial court denied the petition.

The petition with which we are concerned was filed on August 24, 1977. Plaintiff alleged in the petition that he had been arrested 17 times between November 11, 1960 and September 27, 1976. In 13 of those cases, the charges were dismissed and no conviction resulted. In three other of the cases, charges were dismissed as a result of guilty plea negotiations on behalf of the petitioner. One arrest resulted in the conviction of petitioner for felony theft for which he was serving a two- to ten-year sentence at the time of the hearing on his petition. Young sought to have expunged the arrest records on the thirteen arrests for which charges had eventually been dismissed. On this appeal, he also argues that he is entitled, pursuant to the same statutory section, to a return of records of identification made for those thirteen arrests.

The pertinent parts of section 5 provide:

"* * * All photographs, finger prints or other records of identification so taken shall, upon the acquittal of a person charged with the crime, or, upon his being released without being convicted, be returned to him. Whenever a person, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, is acquitted or released without being convicted, the Chief Judge of the circuit wherein the charge was brought, or any judge of that circuit designated by the Chief Judge, may upon verified petition of the defendant order the record of arrest expunged from the official records of the arresting authority. * * *" Ill. Rev. Stat. 1977, ch. 38, par. 206—5.

■■ As noted in *People v. Valentine* (5th Dist. 1977), 50 Ill. App. 3d 447, 450, 365 N.E.2d 1082, the clear language of section 5 leaves a decision as to whether arrest records should be expunged to the discretion of the judge hearing the petition. We find no abuse of that discretion shown in the record in the instant case. We should, however, discuss the preliminary issue concerning the class of persons to whom the legislature has extended the possibility of obtaining relief under section 5, for expunction of arrest records as requested.

■■ As the court had noted in the *Valentine* case, the adoption of that part of section 5 was an attempt to balance competing concerns. On the one hand there is the legitimate desire on the part of law enforcement agencies to keep such records for use as tools in effective investigation and crime prevention. Alternatively, there are the legitimate concerns for the privacy rights of persons falsely accused of crime and the potential problems that an arrest, alone, can cause an individual. (See *People v.*

*Valentine,* 50 Ill. App. 3d 447, 450.) In accommodating those conflicting interests, the legislature has limited the class of persons who may petition for an expunction of their arrest records to those who have not been convicted previously. Obviously, that is the meaning of the rather grammatically imprecise second sentence of section 5, which we have quoted. In the words of the Illinois Supreme Court recently in *People v. Glisson* (1978), 69 Ill. 2d 502, 506, 372 N.E.2d 669:

> "The statute authorizes the expunction of records of arrest only for those persons 'not having previously been convicted of any criminal offense or municipal ordinance violation.' "

While this language in *Glisson* may only be dicta in the case, such limitation as indicated in the language is consistent with the language in the statute and with the interests which it seeks to protect. We do not believe it is reasonable to conclude, as urged by the defense, that the legislature intended by this provision to allow convicted criminals to petition to obtain an expunction of all records of their arrest which may have occurred prior to their first conviction. The significant use of such records by law enforcement agencies in investigations is obvious, and we must conclude that the legislature did not intend to strip law enforcement agencies of this tool. The language of the Act was clearly meant to refer to the time of filing the petition to expunge, and to grant persons not convicted prior to such filing, the right to expunction of arrest records. As a consequence, we affirm the action of the trial court in denying expunction in this case, as we have noted.

■ With respect to the issue of the return of identification records, the Illinois Supreme Court, also, in *People v. Glisson,* 69 Ill. 2d 502, 505, makes it very clear that section 5 does not condition a return of identification records on whether the person so requesting that return has been convicted or not. The supreme court states:

> "The first sentence of the statute quoted above unequivocally grants this right of return to a person acquitted or released without being convicted, without reference to whether the person has previously or subsequently been convicted of a crime."

We note, also, that the statute does not require a petition to be filed to obtain the return of records of identification and we conclude that no discretion is conferred on the court with respect to this particular issue. We are aware that petitioner did not request such relief in his petition, although a proposed order submitted by him did include such a request. The mandate of the statute, however, is clear and, if the request is denied, the petitioner would be able to institute proper proceedings to compel the return of the records of identification in those cases where the charges were dismissed. We, accordingly, agree that those records of identification should be returned to the petitioner, and direct such return.

For the reasons stated, therefore, the order of the Circuit Court of Rock Island County denying expunction of arrest records is affirmed.

Affirmed as to order of the trial court; direction as to supplementary request on appeal.

BARRY, P. J., and STOUDER, J., concur.