RANDOLPH WILLIAMS, Petitioner-Appellant, v. THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee.

Fourth District No. 4—84—0468

Opinion filed February 5, 1985.

Randolph Williams, of Boca Raton, Florida, for appellant, *pro se.*

Thomas J. Difanis, State's Attorney, of Urbana (Trisha Crowley, Assistant State's Attorney, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The petitioner, Randolph Williams, was arrested six times in Champaign County between November 7, 1977, and November 12, 1980. The charges ranged from disorderly conduct to aggravated arson. The charges filed after five of the arrests were subsequently dismissed. The sixth resulted in conviction for theft and disorderly conduct, but the United States Court of Appeals for the Seventh Circuit ruled that Williams had been denied effective assistance of counsel. A writ of *habeas corpus* was issued after the State failed to retry Williams within 90 days.

Pursuant to section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1983, ch. 38, par. 206—5), Williams petitioned for return of all records of identification pertaining to the six arrests and for the expunction of his arrest records. Regarding his conviction that was overturned, he requested the court to require the State's Attorney and department of probation to inform all relevant State and Federal authorities that the conviction was no longer valid. He further prayed that the sheriff's department be required to expunge from its records any reference to his confinement and that the local police and sheriff's departments be enjoined for the next two years from sending any reports about him to any agency without first submitting them to the court. The State filed an objection to the petition along with certified copies of Williams' 1960 Massachusetts conviction for operating a motor vehicle without authority and his 1962 Florida conviction for using a vehicle without the owner's consent. After Williams failed to appear at his hearing, the trial court found he was not entitled to the relief requested under the statute.

Section 5 provides in part that whenever a person, not having been previously convicted of any criminal offense or municipal violation, charged with a violation of a municipal ordinance or a felony or a misdemeanor, is acquitted or released without being convicted, the chief judge of the circuit or any judge of that circuit designated by the chief judge may, upon verified petition of the defendant, or-

der the record of arrest and the records of the circuit court relating to the arrest expunged from the official records of the arresting authority and the records of the clerk of the circuit court. That section, separate from the matter of expunction, also provides that upon a person's being released without being convicted, he has a right to be returned to him all photographs, fingerprints or other records of identification.

The defendant in this case, Mr. Williams, included in his petition for expungement the relief asking that the photographs, fingerprints, etc., be returned to him. Although this is not a proper matter of expunction, the State's Attorney concedes that the defendant is entitled to these particular matters and records.

■■ The petitioner argues section 5 violates his fourteenth amendment rights for two reasons. First, he contends that denying him relief under the statute merely because of two convictions over 20 years old constitutes cruel and unusual punishment. The practice of keeping records on previous offenders, however, is hardly "punishment which 'shocks the most fundamental instincts of civilized man.'" (*In re Sekeres* (1971), 48 Ill. 2d 431, 434, 270 N.E.2d 7, 9.) We note that in *People v. Glisson* (1978), 69 Ill. 2d 502, 372 N.E.2d 669, the supreme court held a petitioner was not entitled to expunction under the statute due to a misdemeanor conviction over 30 years old.

■■ The petitioner also asserts section 5 denies him equal protection of the law. The statute grants relief only to those with no previous convictions. Statutory classifications are presumed to be valid, and the burden of showing invalidity rests on the challenging party. A classification will be upheld if any state of facts may reasonably be conceived which would justify it. (*People v. Rhoades* (1979), 74 Ill. App. 3d 247, 254, 392 N.E.2d 923, 928.) Although the court did not specifically address equal protection, the petitioner's argument was adequately answered in *Young v. Keefe* (1978), 64 Ill. App. 3d 824, 825-26, 381 N.E.2d 1047, 1048:

"[T]he adoption of that part of section 5 was an attempt to balance competing concerns. On the one hand there is the legitimate desire on the part of law enforcement agencies to keep such records for use as tools in effective investigation and crime prevention. Alternatively, there are legitimate concerns for the privacy rights of persons falsely accused of crime and the potential problems that an arrest, alone, can cause an individual. (See *People v. Valentine*, 50 Ill. App. 3d 447, 450 [365 N.E.2d 1082].) In accommodating those conflict-

ing interests, the legislature has limited the class of persons who may petition for an expunction of their arrest records to those who have not been convicted previously."

The petitioner also maintains section 5 is a bill of attainder. His failure to make this contention at the trial court level amounts to a waiver of the issue. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Furthermore, we fail to see any merit in this argument. See *Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 395 N.E.2d 1376.

■ In his brief, the petitioner asserts the records of the clerk of the court fail to show that his conviction was overturned in Federal court. The petitioner contends that the trial court erred in not directing the clerk to amend the record to reflect the *habeas corpus* proceeding. No such allegation was made in the original petition, nor was any such relief requested. The State maintains the record is still in Federal court and cannot be amended until it is returned. Not only did the petitioner fail to raise the issue, but the only proof of the Federal court's decision is an uncertified copy of that order filed by the petitioner. We find no error here.

Finally, the State concedes the statute unequivocally entitles the petitioner to the return of any records of identification involved in the six arrests. (*People v. Glisson* (1978), 69 Ill. 2d 502, 505, 372 N.E.2d 669, 670.) The trial court, therefore, erred in not ordering their return.

For these reasons, that part of the trial court's order refusing to expunge the petitioner's arrest records is affirmed; that part denying the return of all records of identification taken with respect to and pertaining to the six arrests is reversed, and the cause is remanded with directions to enter an order requiring the return of such records.

Affirmed in part, reversed in part, and remanded with directions.

MILLS and TRAPP, JJ., concur.