THIRD DIVISION
March 12, 2008

Nos. 1-07-0873, 1-07-0874   (Cons.)


| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| BRADEN K. JONES, | ) | Honorable |
| | ) | Shelley Sutker-Dermer, |
| Defendant-Appellant. | ) | Judge Presiding. |


PRESIDING JUSTICE QUINN delivered the opinion of the court:

Petitioner Braden Jones appeals from an order of the circuit court denying his request to expunge certain of his arrest records.  Petitioner contends that the circuit court misconstrued the expungement statute, section 5 of the Criminal Identification Act (Act) (20 ILCS 2630/5 (West 2004)).  Petitioner contends that the restriction under subsection 5(a) of the Act limiting eligibility to request expungement of conviction to persons "not having been previously convicted of any criminal offense" refers to the time of the charge for which expungement is sought rather than to the time the petition for expungement is filed.  Petitioner therefore argues that he is eligible for expungement because at the time of the arrests for which he seeks expungement, petitioner had no previous criminal convictions and petitioner did not lose the benefit of expungement based on his subsequent arrest and conviction.  For the following

reasons, we disagree with petitioner's interpretation of subsection 5(a) of the Act, and we affirm the circuit court.

On January 18, 2003, petitioner was arrested for damage to property, resisting a peace officer, battery and unlawful use of a driver's license. On March 6, 2003, petitioner pled guilty to battery and unlawful use of a driver's license and received one year of supervision and four days of public service. Supervision was successfully terminated for both counts on January 16, 2004.

On March 1, 2004, petitioner was arrested for attempted robbery, aggravated battery in a public place, and aggravated battery of a government employee. The State declined prosecution and the charges were nol prossed.

On October 2, 2004, petitioner was arrested and charged with two counts of battery. On February 4, 2005, petitioner pled guilty to both counts and was sentenced to two years of conditional discharge. Petitioner successfully completed his conditional discharge on July 21, 2006.

On May 5, 2006, petitioner filed a petition to expunge the records of his January 18, 2003, and March 1, 2004, arrests. Following a hearing, on July 5, 2006, the circuit court granted petitioner's request for expungement of these arrest records.

On September 21, 2006, petitioner filed a motion to compel after the Department of State Police declined to expunge petitioner's arrest records in compliance with the circuit court's July 5, 2006, order. Following a hearing, on February 13, 2007, the circuit court vacated its July 5, 2006, order and entered an order denying petitioner's request for expungement of his arrest

Nos. 1-07-0873, 1-07-0874 (Cons.)

records. In doing so, the circuit court relied on the Third District of the Appellate Court's decision in Young v. Keefe, 64 Ill. App. 3d 824, 825-26 (1978), in which the court determined that subsection 5(a) of the Act limited expungement to persons not having previously been convicted of a criminal offense or municipal ordinance violation and did not permit petitioners to expunge all records of their arrests which may have occurred prior to their first conviction. Petitioner appealed the denial of expungement of the records of his January 18, 2003, and March 1, 2004, arrests, and those appeals were consolidated by this court.

On appeal, petitioner argues that this court should disregard the Young case as *dicta*, and find that the circuit court abused its discretion when denying his petition to expunge his two arrests, pursuant to subsection 5(a) of the Act, because he had not been convicted of a crime at the time of those arrests.

The pertinent parts of subsection 5(a) provide:

"Whenever an adult or minor prosecuted as an adult, *not having previously been convicted of any criminal offense or municipal ordinance violation*, charged with a violation of a municipal ordinance or a felony or misdemeanor, is acquitted or released without being convicted, whether the acquittal or release occurred before, on, or after the effective date of this amendatory Act of 1991, the Chief Judge of the circuit wherein the charge was brought, any judge of that circuit designated by the Chief Judge, or in counties of less than 3,000,000 inhabitants, the presiding trial judge at the defendant's trial may upon verified petition of the defendant order the record of arrest expunged from the official records of the arresting authority and the Department [of State Police] ***."

Nos. 1-07-0873, 1-07-0874 (Cons.)

(Emphasis added) 20 ILCS 2630/5(a) (West 2004).

It is clear under section 5 that expungement of records of the circuit court relating to an arrest which does not result in a conviction, as in this case where a disposition of supervision was successfully completed and other charges were nol prossed, is not automatic, but is initiated by verified petition and may be granted in the discretion of the judge. 20 ILCS 2630/5(a) (West 2004; People v. Talach, 114 Ill. App. 3d 813, 825 (1983), citing Young, 64 Ill. App. 3d at 825. However, in this case, the issue is a matter of statutory construction and a question of law; therefore, our review is *de novo*. People v. Holland, 374 Ill. App. 3d 121, 123 (2007), *appeal allowed*, 225 Ill. 2d 652 (2007).

Petitioner argues that the circuit court misconstrued subsection 5(a) to mean that because petitioner received a conviction prior to filing his petition for expungement, petitioner was ineligible to have any of his arrests that occurred before his first conviction expunged. Petitioner argues that the language "*not having previously been convicted of any criminal offense or municipal ordinance violation*" in subsection 5(a) refers only to the time at which a person is arrested. Petitioner asserts that his subsequent conviction should not bar expungement of his prior two arrests and that such an interpretation conforms with the remedial nature of the Act to restore offenders to useful citizenship.

In Young, the court noted that "the adoption of that part of section 5 was an attempt to balance competing concerns. On the one hand there is the legitimate desire on the part of law enforcement agencies to keep such records for use as tools in effective investigation and crime prevention. Alternatively, there are the legitimate concerns for the privacy rights of persons

-4-

Nos. 1-07-0873, 1-07-0874 (Cons.)

falsely accused of crime and the potential problems that an arrest, alone, can cause an individual." Young, 64 Ill. App. 3d at 825-26, citing People v. Valentine, 50 Ill. App. 3d 447, 450 (1977). The court went on to explain that, "[i]n accommodating those conflicting interests, the legislature has limited the class of persons who may petition for an expunction of their arrest records to those who have not been convicted previously. Obviously, that is the meaning of the rather grammatically imprecise second sentence of section 5, which we have quoted." Young, 64 Ill. App. 3d at 826. The court then cited our supreme court's determination in People v. Glisson, 69 Ill. 2d 502, 506 (1978), that "[t]he statute authorizes the expunction of records of arrest only for persons ' not having previously been convicted of any criminal offense or municipal ordinance violation.' " The court found that "[t]he language of the Act was clearly meant to refer to the time of filing the petition to expunge, and to grant persons not convicted prior to such filing, the right to expunction of arrest records." Young, 64 Ill. App. 3d at 826. After examining the statute, the court concluded that "[a]s a consequence, we affirm the action of the trial court in denying expunction in this case." Young, 64 Ill. App. 3d at 826. We find petitioner's claim that we should disregard the court's determination, in Young, regarding the expungement statute as *dicta* unconvincing.

In Talach, the Second District of this court addressed whether the defendant was eligible to have his record of six dispositions of supervision expunged where the defendant had a misdemeanor offense for which he received a sentence of one year of conditional discharge and one day in the House of Corrections prior to five of the supervision dispositions. Talach, 114 Ill. App. 3d at 825. Following Young, the Talach court held that because section 5 "refers to

-5-

convictions previous to a petition to expunge," the petitioner was ineligible to have any of his records expunged after his first conviction. Talach, 114 Ill. App. 3d at 825.

In Chesler v. Illinois, 309 Ill. App. 3d 145, 149 (1999), this court found that the circuit court's refusal to expunge the petitioner's arrest record for assault and five counts of battery, involving his former wife, was not an abuse of discretion. This court noted that while defendant was found not guilty of those charges, there were facts suggesting that the petitioner's alleged domestic behavior with his former wife continued after the marriage was dissolved and was reflected in his allegedly abusive behavior toward his daughters. Chesler, 309 Ill. App. 3d at 151-52. However, this court found that the circuit court abused its discretion in arbitrarily refusing to expunge the petitioner's arrest for retail theft, for which supervision was successfully completed. Chesler, 309 Ill. App. 3d at 153. This court noted that the petitioner met statutory eligibility requirements, the State had no objection to expungement of that particular charge, the court set forth no explanation for its refusal, and the petitioner's allegedly disqualifying postdisposition behavior relevant to petitioner's other arrests for assault and battery was not relevant to the retail theft charge. Chesler, 309 Ill. App. 3d at 153. In explaining the statutory requirements for expungement, this court stated that "[s]ection 5(a) allows a petitioner to petition for expungement if there are no current or earlier convictions and petitioner was released without being convicted or completed supervision." Chesler, 309 Ill. App. 3d at 149.

Further, in People v. Carroccia, 352 Ill. App. 3d 1114, 1122 (2004), the Second District of this court considered whether the defendant, who was arrested and charged with first-degree murder but acquitted on that charge after a jury trial, was eligible to have his arrest records

expunged.  The court noted that in Illinois, "expungement is a creature of legislative enactment" and "[s]ection 5(a) does not even make all defendants *eligible* to seek expungement of arrest records in cases that resulted in acquittals."  (Emphasis in original.) Carroccia, 352 Ill. App. 3d at 1122.  The court explained that subsection 5(a) "limits the right [to expungement] to defendants who have never been convicted of any criminal offense or municipal ordinance violation." Carroccia, 352 Ill. App. 3d at 1122.

More recently, in Holland, this court considered the petitioner's eligibility for expungement after the petitioner was granted a pardon by the Governor on convictions for aggravated criminal sexual assault and other crimes but who still had an outstanding prior conviction for armed robbery.  While the petitioner argued that subsection 5(c) provided him with a separate basis to petition for expungement, this court determined, and the petitioner conceded, that petitioner would not be eligible for expungement under subsection 5(a) because "[s]ubsection (a) restricts eligibility to petitioners that have been acquitted of charges and do not have prior convictions of record."  Holland, 374 Ill. App. 3d at 124-25.

We find no reason to depart from the reasoning in these previous cases and conclude that subsection 5(a) limits the right to expungement to a petitioner who has never been convicted of any criminal offense or municipal ordinance violation.  In addition, while petitioner contends that he should be eligible for expungement of his arrests that occurred prior to his conviction based on the remedial nature of the Act, petitioner has not demonstrated why he is more deserving of the right to expungement than a petitioner who received a conviction then seeks to expunge records of a later arrest.  Thus, we conclude that, pursuant to subsection 5(a), petitioner was

Nos. 1-07-0873, 1-07-0874 (Cons.)

barred from seeking the expungement of arrest records based on his 2005 battery convictions.

For the above reasons, we affirm the order of the circuit court of Cook County denying expungement of petitioner's arrest records.

Affirmed.

THEIS and CUNNINGHAM, JJ., concur.