THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE WELLS, Defendant-Appellant.

First District (6th Division)    No. 1—96—3814

Opinion filed January 16, 1998.

Robert A. Fisher, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Maria D. MacKenzie, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINN delivered the opinion of the court:

In March of 1978, defendant, Maurice Wells, was indicted on charges of murder and attempted murder. Following a bench trial, defendant was found not guilty by reason of insanity, and defendant was involuntarily committed to the Illinois Department of Mental Health (the Department). On March 16, 1984, defendant was conditionally released from the Department and placed in outpatient treatment. On December 14, 1990, defendant was unconditionally released. On September 19, 1995, defendant filed a petition for expungement of his arrest records in the present cause pursuant to section 5 of the Criminal Identification Act. 20 ILCS 2630/5 (West 1994). The State objected to the petition. On September 24, 1996, the trial

court held a hearing and denied defendant's petition. Defendant now appeals. Jurisdiction is vested in this court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

The issue of whether a defendant found not guilty by reason of insanity (NGRI) is eligible for expungement of his or her arrest records has not been previously addressed in Illinois. Accordingly, we turn to the statute authorizing expungement to determine whether such a remedy is available to defendant.

■ The primary goal of statutory construction is to ascertain and give effect to the intention of the legislature. *People v. Britz*, 174 Ill. 2d 163, 196, 673 N.E.2d 300 (1996), citing *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397, 634 N.E.2d 712 (1994). To determine the legislative intent, "a court must look first to the language of the statute and interpret that language in accordance with its plain and ordinary meaning." *People v. Haynes*, 174 Ill. 2d 204, 222, 673 N.E.2d 318 (1996). When the language of the statute is clear and unambiguous, courts may not read exceptions, limitations or conditions into the statute that the legislature did not express. *People v. Woodward*, 175 Ill. 2d 435, 443, 677 N.E.2d 935 (1997). Further, criminal statutes are to be strictly construed in favor of the accused. *Woodward*, 175 Ill. 2d at 444.

■ Section 5 of the Criminal Identification Act (Act) provides:

"Whenever an adult or minor prosecuted as an adult, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or a misdemeanor, is acquitted or released without being convicted *** the Chief Judge of the circuit wherein the charge was brought *** may upon verified petition of the defendant order the record of arrest expunged from the official records ***." 20 ILCS 2630/5(a) (West 1994).

The expungement statute does not specifically provide relief for defendants found NGRI. However, we find that defendants found NGRI are eligible for relief under section 5 of the Act.

In order to be eligible for expungement of arrest records, a defendant must either be acquitted or released without a conviction. The United States Supreme Court has held that "[a] verdict of not guilty by reason of insanity establishes two facts: (i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness." *Jones v. United States*, 463 U.S. 354, 363, 77 L. Ed. 2d 694, 705, 103 S. Ct. 3043, 3049 (1983). The statute in Illinois on insanity provides:

"When the defense of insanity has been presented during the trial, the burden of proof is on the defendant to prove by clear and

convincing evidence that the defendant is not guilty by reason of insanity. However, the burden of proof remains on the State to prove beyond a reasonable doubt each of the elements of each of the offenses charged ***." 720 ILCS 5/6—2(e) (West 1994).

We first note that a defendant found NGRI is not acquitted of the crime charged because the State must prove the defendant guilty beyond a reasonable doubt of each of the elements of each of the offenses charged before a defendant may be found NGRI. 720 ILCS 5/6—2(e) (West 1994). However, a defendant found NGRI, upon completion of his or her treatment, may be characterized as having been released without a conviction. Indeed, a person found NGRI is relieved of criminal responsibility due to a mental disease or mental defect. 720 ILCS 5/6—2(a) (West 1994). Accordingly, individuals found NGRI fall within the scope of the statute on expungement. Given that we find that defendant is eligible to have his arrest records expunged, we next turn to defendant's first argument on appeal: whether the trial court abused its discretion in denying defendant's petition for expungement.

In the present case, the trial court issued the following ruling on defendant's petition for expungement:

"I have considered the petition. There [are] certainly arguments to be made on behalf of the petitioner, at least based upon the record before the court, he's lived a blameless life since this occurrence; nevertheless I think whenever an expungement is ordered, I might note that not every situation, in not every situation is an expungement available simply because a person has been acquitted or has had the conviction set aside.

I believe the balance that is always required in this instance is to balance the right of the public, the public's right and desire to remain safe against the individual needs of the defendant.

In this instance the defendant's—[sic] nature of the defendant's acquittal was that he committed the acts that constituted the offense but was not legally responsible for them because of a then existing mental condition, the active question was one of taking another human being's life.

Weighing and balancing the conflicting interests in this case, I would come down on the side of the respondent prosecution, and petition to expunge will therefore be denied."

Defendant maintains that the trial court erred in reading a public safety exception into the expungement statute. We disagree.

Initially, we note that under the expungement statute, a trial court is not required to hold a hearing. 20 ILCS 2630/5(a) (West 1994). Further, the statute on expungement is discretionary in nature. Such a conclusion is mandated by the plain language of the

statute, which provides that the trial court *may* upon verified petition of the defendant order the record of arrest expunged from the official records. 20 ILCS 2630/5(a) (West 1994). See *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584 (1997) (legislative use of the word "may" is generally regarded as indicating a permissive or directory reading, whereas use of the word "shall" is generally considered to express a mandatory reading). The trial court is not required to grant an individual found NGRI relief under the statute. Rather, the trial court may exercise discretion in reaching its decision.

■ Given that we find that the decision of whether to grant a petition to expunge is discretionary in nature, we now turn to what factors are appropriate for consideration when ruling on a petition. The Superior Court of Pennsylvania has proved to be instructive on this issue.

*In Commonwealth v. W.P.*, 417 Pa. Super. 192, 612 A.2d 438 (1992), the defendant filed a petition for expungement of his criminal record after having been found not guilty by reason of insanity of the offenses of aggravated assault, simple assault, possession of an instrument of crime, possession of an instrument of crime with a weapon and recklessly endangering another person. Upon reviewing the trial court's denial of the petition, the superior court noted that in order for expungement to be granted, a court must be satisfied that the individual's interest in being free from the criminal record outweighs the State's interest in retaining it. *W.P.*, 417 Pa. Super. at 197, 612 A.2d at 441. The court then identified the following factors which should be considered when evaluating a petition to expunge: the strength of the State's case against the petitioner, the State's reasons for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expungement be denied. *W.P.*, 417 Pa. Super. at 197-98, 612 A.2d at 441. The court then noted that this list of factors is not exhaustive and that each case should be addressed on an individual basis. *W.P.*, 417 Pa. Super. at 198, 612 A.2d at 441.

■ We adopt the approach established by the Superior Court of Pennsylvania when addressing petitions for expungement by defendants found NGRI. Upon applying the factors set forth in *In Commonwealth v. W.P.* to the present cause, we find that the State's interest in retaining defendant's criminal records outweighs defendant's interest in having the records expunged. Initially, we note that the trial court's consideration of the public's safety was entirely appropriate. As discussed above, the list of factors set forth

above is not exhaustive, and each petition to expunge should be considered on an individual basis.

Further, in the present cause, defendant was found NGRI of two charges of murder and one charge of attempted murder. While defendant's motion in support of his petition to expunge reflects that defendant has lived a crime-free life since 1977 when the murders in question occurred, that defendant was 60 years old at the time of petition, and that defendant received a master's degree in education, we find that the State's interest in maintaining the arrest records of an individual found NGRI of a double murder and an attempted murder outweighs defendant's interest. Accordingly, the denial of defendant's petition to expunge is affirmed.

Defendant also maintains that his constitutional rights to due process, equal protection, and privacy were violated by the trial court's denial of his petition to expunge. We find each of these arguments unavailing.

For the reasons set forth above, we affirm the decision of the circuit county of Cook County.

Affirmed.

GREIMAN, P.J., and THEIS, J. concur.