JACK CHESLER, Petitioner-Appellant. v. THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee.

First District (3rd Division)    No. 1—98—1018

Opinion filed November 24, 1999.—Rehearing denied December 30, 1999.

Robert D. Shearer, Jr., of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William Toffenetti, and Kathryn M. Morrissey, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Petitioner appeals the trial court's denial of his motion to expunge his arrest record. We affirm in part, reverse in part and remand.

We address the following issue: when addressing a petition to expunge an arrest record, to what extent, if at all, may a court consider the petitioner's behavior after he is released without being convicted or after he has completed supervision? We conclude that a trial judge may consider relevant postdisposition behavior. We also conclude that postdisposition behavior must be relevant to the charges for which the petitioner seeks expungement.

Petitioner's then wife, Sarah Chesler, filed a petition for dissolution of marriage in December 1987. She alleged mental and physical cruelty and sought sole custody of their twin daughters. A dissolution of marriage was entered on October 15, 1990, and Sarah was granted custody of their daughters. Sarah made allegations against petitioner in the course of the dissolution proceedings that led to the arrest records petitioner now seeks to expunge.

Petitioner was first arrested on November 27, 1987, and charged with assault. Petitioner was later charged with separate counts of simple battery on December 19, 1987, January 20, 1988, and January 26, 1988. Petitioner was charged with battery again on March 29, 1988. Sarah was the complaining witness in each case. Petitioner was found not guilty of these charges in a bench trial on June 28, 1988.

Petitioner was again arrested on March 11, 1988, and charged with battery of Sarah. Petitioner was also charged with violating an order of protection obtained by Sarah. Petitioner was found guilty of these charges and sentenced to two months' supervision. Petitioner successfully completed supervision on July 31, 1989.

In an incident unrelated to the dissolution of marriage, petitioner was charged with retail theft in Cook County on August 31, 1991. This case was dismissed after petitioner completed a theft deterrent program on November 9, 1991.

Petitioner was charged with retail theft in Du Page County on January 27, 1992. Petitioner was found guilty and given one year of supervision. Petitioner later filed a petition to expunge his Du Page County arrest record. Expungement was granted on June 8, 1998.

Petitioner filed a motion to expunge his Cook County arrest records on January 14, 1997. He alleged that he was arrested for the offenses stated, that he was released without being convicted, and that

he had not been arrested or convicted of a criminal or municipal offense since 1992.

The State objected, arguing that petitioner's subsequent conduct should be considered, given the current state of his relationship with his two daughters. At a hearing on the petition, Sarah testified, over objection, about events that happened after, but were allegedly related to, petitioner's Cook County arrests. Petitioner's daughters did not testify.

Sarah testified that, in the summer of 1991, petitioner went on a cross-country trip with his daughters. Sarah said that her daughters told her that, during the trip, petitioner became angry twice, left the girls alone and drove away. The first incident was in Yellowstone Park, where petitioner left the girls alone in a closed visitor's center. In a second incident, petitioner left one of the girls at the side of a road in Arizona. Petitioner's continuing hearsay objections to this testimony were overruled.

Sarah then testified that, except for a brief visit with petitioner in 1992, the girls have not seen and do not wish to see petitioner. Sarah said that the 1991 trip with petitioner so "deeply affected" the girls that they needed counseling. Sarah mentioned two letters petitioner sent to his daughters in 1992 and 1993. The letters are described as demanding and dictatorial. Sarah testified that petitioner made certain demands of her daughters in these letters, but she did not elaborate.

Sarah then testified about mail she and her neighbors received in New York. Sarah said that packages containing newspaper clippings about the charges against petitioner and a letter addressed to a New York newspaper were mailed to or dropped off with friends and Sarah's business associates in 1988 and 1989. Sarah identified the handwriting on one of the envelopes and newspaper clippings as that of petitioner. None of the packages are part of the record on appeal. On cross-examination, Sarah admitted that she did not cooperate with petitioner's visitation rights, causing him to file emergency petitions to enforce his rights. Sarah said that her children were fearful of petitioner and she intervened to protect them. But Sarah admitted that the judge in the dissolution proceeding did not find the children were fearful of petitioner. Sarah also admitted that, after the incidents on the 1991 trip, she did not file a police report or charges with the Illinois Department of Children and Family Services. She did file a report with a New York agency one year later, but after an investigation that agency found the charges unfounded. Sarah also said that the judge who found petitioner not guilty of five of the battery charges had "made a mistake."

Petitioner testified that after Sarah filed for divorce in December

1987, she filed criminal charges against him in 1988. Petitioner denied mailing the packages to Sarah or anyone else in New York. Petitioner said that he was not in New York in 1988 or 1989, when the packages were sent. Petitioner admitted writing the two letters to his daughters. Petitioner explained that the letters were "harsh" because Sarah continuously blocked his repeated attempts to see his children. Petitioner said that his children do not want to see him because they are afraid of their mother, not him.

Petitioner denied abandoning his daughters during the 1991 trip. He said that the girls were scared because the trip was physically demanding, involving off-trail backpacking, canoeing and hiking. Petitioner said that his relationship with his daughters was very close.

The court then addressed the retail theft charge, noting that no evidence was presented on that charge. The State said it had no objection to expungement of that charge. The court then expunged the retail theft charge. The court later vacated this order of expungement on June 25, 1997, *sua sponte*. Final argument on petitioner's petition was heard on November 18, 1997.

The court entered an order on February 13, 1998, denying in its entirety his petition to expunge. The court found that petitioner had not shown good cause to have his record expunged, citing to *People v. Hansen*, 198 Ill. App. 3d 160, 555 N.E.2d 797 (1990).

Petitioner raises five issues on appeal: (1) the court created a new standard for "good cause shown" by misapplying *People v. Hansen*; (2) the evidence he presented at the hearing was enough to allow expungement; (3) the court abused its discretion in denying expungement of the retail theft charge where no evidence was presented and the State did not object to expungement of that charge; (4) the State missed the 30-day deadline to object to his petition; and (5) the trial judge was biased against petitioner.

Petitioner contends that postarrest and postdisposition behavior is irrelevant in the expungement context. Petitioner focuses on section 5(a) of the Criminal Identification Act, which permits expungement "upon good cause shown." 20 ILCS 2630/5(a) (West 1996). Petitioner contends that the "good cause shown" element requires only that a petitioner meet the statutory criteria for expungement.

Section 5(a) allows a petitioner to petition for expungement if there are no current or earlier convictions and petitioner was released without being convicted or completed supervision. 20 ILCS 2630/5(a) (West 1996). Cases resolved by supervision require a two-year waiting period before expungement may be sought. Supervision for other offenses not relevant here require a five-year waiting period. 20 ILCS 2630/5(a) (West 1996).

Petitioner reasons that, since he met the statutory requirements, he met the "good cause shown" criterion and is entitled to expungement. Petitioner claims that the court changed the "good cause shown" standard and abused its discretion by interpreting *People v. Hansen*, 198 Ill. App. 3d 160, 555 N.E.2d 797 (1990), as authority to consider postarrest and postdisposition behavior.

Petitioner's argument assumes that satisfaction of the statutory criteria entitles him to expungement as of right. We believe the plain language of the statute contradicts this argument. Section 5(d) of the Criminal Identification Act gives the court the discretion to grant or deny an expungement petition. 20 ILCS 2630/5(d) (West 1996). This permissive language shows that the statutory criteria establish eligibility for, rather than entitlement to, expungement.

■ We read section 5(a) as creating two categories of expungeable charges—where the petitioner is found not guilty and where the petitioner is placed on supervision. We believe the statute's two-year (and sometimes five-year) waiting period for expungement of charges disposed of by supervision is a legislative recognition that postdisposition behavior is a relevant, if not mandatory, consideration. There would be no point to a waiting period if this were not so. This leaves us with the question of the relevance of postdisposition behavior in deciding whether to expunge a record where the petitioner was found not guilty, where no waiting period is mandated.

We first note that petitioner's not-guilty findings do not mean he is innocent of the battery charges. A not-guilty verdict expresses no view on a defendant's innocence, but reflects the prosecution's failure to meet its burden to prove guilt beyond a reasonable doubt. *People v. Smith*, 185 Ill. 2d 532, 545, 708 N.E.2d 365 (1999).

The trial court here appeared to rely on a comment made by the trial court in *Hansen*: "that defendant's 'indiscretion' appeared to be out of character with his current mode of behavior." *Hansen*, 198 Ill. App. 3d at 167. A fair reading of this remark would lead to the conclusion that the trial court in *Hansen* considered the petitioner's postdisposition good behavior. After citing to *Hansen*, the trial judge in this case said the record here exhibited a pattern of conduct that did "not appear to be indiscretions or out of [petitioner's] character" and did not outweigh the public's right to safety.

Our reading of that remark leads us to conclude that the trial judge reasoned that if good behavior is relevant in an expungement context, bad behavior is equally relevant. We agree, but we do not rely on *Hansen*, where the trial judge's remark was ultimately irrelevant to the disposition of the case. We choose instead to rely on the language of the statute itself and *People v. Wells*, 294 Ill. App. 3d 405, 690

N.E.2d 405 (1998), to support our conclusion that postdisposition behavior may be relevant in deciding whether to expunge charges where the petitioner was found not guilty.

In *Wells*, we set out a list of factors to consider in the expungement context. *Wells*, 294 Ill. App. 3d at 409. We adopted those factors set out in *Commonwealth v. W.P.*, 417 Pa. Super. 192, 612 A.2d 438 (1992), noting a lack of Illinois case law on this issue. *Wells*, 294 Ill. App. 3d at 409. The factors include: the strength of the State's case against the petitioner; the State's reasons for wishing to retain the records; the petitioner's age, criminal record and employment history; the length of time between the arrest and the expungement petition; and the adverse consequences the petitioner may suffer if expungement is not granted. This list is not exhaustive and each case should be decided on its own merits. *W.P.*, 417 Pa. Super. at 197-98, 612 A.2d at 441.

We do not disagree with petitioner that the trial court improperly relied on *Hansen*. What criteria to consider in an expungement petition was not the issue before the *Hansen* court. *Hansen*, 198 Ill. App. 3d at 163. At most, the trial court in *Hansen* inferred that postdisposition conduct could be considered, and the appellate court did not criticize the trial court's conclusion that the defendant's record should be expunged because the conduct that led to his arrest appeared to be an " 'indiscretion' *** out of character with his *current* *** behavior." (Emphasis added.) *Hansen*, 198 Ill. App. 3d at 167. In context, the remark was *dictum* at most, but it is *dictum* that comports with the statute and *Wells*.

Reading *Hansen* and *Wells* together, we believe that postdisposition behavior may be relevant in deciding to grant an arrest expungement even where the petitioner was found not guilty. We believe that in some cases, but not all, postdisposition behavior related to predisposition behavior should be considered. The court in this case acted within its discretion in considering evidence beyond the statutory eligibility requirements. The trial judge was faced with a set of facts that could lead her to conclude that the petitioner's alleged behavior arising out of his domestic relationship continued after the dissolution and was reflected in his behavior toward his daughters. Although he was found not guilty of assault and four counts of battery between November 1987 and March 1988, he was found guilty of a separate charge of battery and of violating an order of protection in the same time frame. In evaluating the arrest history in the light of the subsequent allegations of child abuse, the trial court may well have concluded that the State's reasons for retaining the records bore a rational relationship to its duty to consider the best interests of the

petitioner's daughters. Given the broad discretion invested in the trial court under the statute and *Wells*, we cannot conclude that the trial court abused its discretion.

■ Petitioner next argues that even if the court applied the correct standard, there was enough evidence to support expungement. Petitioner then sets out the three reasons he says the court relied on to deny his petition and claims that none are supported by the record.

First, petitioner complains that the evidence does not support the court's finding that petitioner's conduct exhibits a pattern of abusive behavior. Petitioner states that this finding is based solely on Sarah's testimony about petitioner's conduct after his criminal trials. Petitioner claims that the record shows this testimony was discredited. Petitioner also emphasizes that the State did not present testimony about petitioner's current behavior. The only testimony presented addressed petitioner's conduct in 1992. The argument stresses the inconsistencies in and credibility of Sarah's testimony and the absence of testimony about petitioner's conduct since 1992. But issues of credibility and resolving conflicting evidence are left to the trier of fact. *People v. Brooks*, 187 Ill. 2d 91 (1999). We will not substitute our judgment for that of the trier of fact. *Brooks*, 187 Ill. 2d at 132. We also note that petitioner did not present his own evidence of his current behavior.

Petitioner next complains that the record does not support the judge's finding that he harassed Sarah after the trials were over by sending packages to her in New York. Petitioner again refers to inconsistencies in Sarah's testimony on this point and how her testimony contradicts petitioner's denials of sending the packages. We need not address this argument since credibility and conflicting evidence are left to the trier of fact. *Brooks*, 187 Ill. 2d at 132.

Petitioner last complains that the court abused its discretion when it considered hearsay testimony about petitioner's daughters' experiences with him. Petitioner argues that there was no evidentiary basis for this testimony and its introduction and use as a basis to deny the expungement petition were an abuse of discretion.

Comparing an expungement hearing to a sentencing hearing, the State contends that the rules of evidence do not apply. The State alternatively argues that, even if rules of evidence do apply, the statements come under the state of mind exception. We note that the State cites no case law to support the former position.

While we do not agree that expungements are analogous to sentencing hearings, the broad discretion given the trial court in ruling on an expungement petition and the silence of the statute make it clear that a hearing governed by evidentiary rules at a civil or crimi-

nal trial is not required. The nature and kind of evidence the trial court hears are subject to the judge's discretion. We cannot say she abused it here, because the evidence was probative of the public interest elements the judge was required to consider: the importance of curtailing domestic violence.

■ Petitioner next contends that the court abused its discretion by refusing to expunge the arrest for retail theft. Here we agree. The record shows that neither party presented evidence on the arrest for retail theft. When questioned by the court, the State said it had no objection to expungement. Petitioner then asked that the retail theft charge be expunged. The court entered an order expunging the charge. This order was vacated, *sua sponte*, on June 25, 1997. The court then denied the petition to expunge in its entirety in an order entered on February 13, 1998.

The State argues that there was no abuse of discretion because the judge's July 9, 1997, order was not final and was subject to change until the final order was entered on February 13, 1998. But the issue is not whether the judge's order was final, but whether there was evidence in the record rationally related to the issue of expunging the retail theft arrest. There was not, so we must conclude that the court abused its discretion in denying the petition.

A court abuses its discretion when no reasonable person would agree with the court's decision. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176, 685 N.E.2d 871 (1997). Nothing in this record supports a finding that the judge's refusal to expunge the retail theft arrest was based on the statute or the factors set out in *Wells*. Neither party presented evidence on the retail theft charge and the State did not object to expungement of that charge. The court's decision was not based on the record or the statutory eligibility requirements. It appears to have been arbitrary. The court made no attempt to relate the retail theft arrest to the issues raised by the arrest arising out of the marriage dissolution or petitioner's alleged treatment of his daughters. Arbitrary decisions amount to an abuse of discretion. See *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 317, 683 N.E.2d 929 (1997).

■ Petitioner's final two issues, relating to timely objection by the State and the bias of the trial judge, are waived.

Section 5(d) of the Criminal Identification Act requires that an objection to an expungement petition be filed within 30 days of service. 720 ILCS 2630/5(d) (West 1996). Petitioner contends that notice of his petition was served on the State on January 14, 1997. The State did not object to the petition until March 19, 1997, when the assistant State's Attorney made an oral objection. Petitioner claims that since

the objection was untimely, the court abused its discretion in allowing the State to present evidence at the July 9, 1997, hearing. Petitioner did not comply with Supreme Court Rule 341(e)(7), however, by failing to cite case law supporting his argument that a failure to file a timely objection is dispositive. 134 Ill. 2d R. 341(e)(7). Lack of authority aside, petitioner did not object to the State's untimely objection on March 19, 1997, or on a subsequent date. Petitioner instead continued with the hearing, raising the issue for the first time on appeal.

Failure to object at trial or raise an issue in a posttrial motion waives the issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988).

Petitioner also waived a bias claim. Petitioner contends, for the first time on appeal, that the trial judge was biased against him because of her background in domestic violence advocacy, her founding role in the development of the South Suburban Family Shelter (where Sarah Chesler admitted taking refuge from petitioner), and her involvement in the Court Advocacy Group.

A trial judge is in the best position to determine whether he or she is prejudiced against the petitioner. *People v. Kliner*, 185 Ill. 2d 81, 169, 705 N.E.2d 850 (1998). The court's decision will not be reversed absent an abuse of discretion. *Kliner*, 185 Ill. 2d at 169. There is no abuse of discretion if the judge does not recuse himself on his own motion where a petitioner makes no motion for substitution of judge. *People v. Mitchell*, 76 Ill. App. 3d 878, 879, 395 N.E.2d 696 (1979). Here, petitioner did not file a motion for substitution of judge and has waived the issue on appeal.

We reverse the trial court's denial of petitioner's petition to expunge the retail theft charge. We affirm the trial court's denial of petitioner's petition to expunge the arrests for assault and battery. We remand with directions to the trial court to expunge petitioner's retail theft arrest.

Affirmed in part and reversed in part; cause remanded with directions.

CERDA and WOLFSON, JJ., concur.