FOURTH DIVISION
FILED:  June 21, 2007

No. 1-05-4014

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 93 CR 8675 |
| | ) | |
| DANA HOLLAND, | ) | |
| | ) | Honorable Paul P. Biebel, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE MURPHY delivered the opinion of the court:

In 1993, petitioner, Dana Holland, was indicted and convicted of several crimes, hereinafter referred to as "1993 convictions."  Under indictment No. 93 CR 5981, petitioner was convicted of three counts of aggravated criminal sexual assault and sentenced to three consecutive terms of 30 years' imprisonment.  Petitioner was also convicted of attempted murder and armed robbery under indictment No. 93 CR 8675 and sentenced to 28 years' imprisonment to run consecutive to his aggregate 90 years' imprisonment for the aggravated criminal sexual assault convictions.  On direct appeal, this court affirmed all of petitioner's convictions.

On January 30, 2003, the circuit court vacated the convictions of aggravated criminal sexual assault based upon DNA tests.  On February 11, 2003, the convictions for attempted

murder and armed robbery were also vacated based upon DNA testing. On January 6, 2005, Illinois Governor Rod R. Blagojevich granted petitioner an executive pardon for the 1993 convictions. Based upon the executive pardon, petitioner filed expungement petitions for the 1993 convictions on February 10, 2005. On October 23, 2005, the circuit court of Cook County denied the petition to expunge. Petitioner's appeal followed.

## I. BACKGROUND

In 1986, petitioner was convicted of armed robbery and sentenced to eight years' imprisonment under indictment No. 86 CR 1649, hereinafter referred to as "1986 conviction." Petitioner filed a direct appeal of the 1986 conviction under *People v. Holland*, No. 1-86-3338, March 24, 1988 (unpublished order under Supreme Court Rule 23). Petitioner's appellate counsel concluded that there were no meritorious issues and filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). This court granted counsel's motion to withdraw and affirmed petitioner's conviction and sentence.

As noted above, the 1993 convictions are the subject of the instant expungement petition and appeal. Petitioner filed direct appeals of the 1993 convictions, and this court affirmed the lower court's rulings in each appeal. However, in 2003, the 1993 convictions for aggravated criminal sexual assault, attempted murder and armed robbery were dismissed based on DNA testing. The 1993 attempted murder and armed robbery charges were retried. Following the bench retrial, the trial court found petitioner not guilty of these charges.

On January 6, 2005, Governor Blagojevich issued petitioner an executive pardon for the 1993 convictions, stating in part: "[W]hereas, DANA HOLLAND, was convicted of the crime of

1-05-4014

Attempted Murder, Armed Robbery, Aggravated Criminal Sexual Assault, Case #93CR8675, #93CR0598101 *** Grant Pardon Based Upon Innocence With Order Permitting Expungement Under The Provisions Of 20 ILCS 2630/5."

On February 10, 2005, petitioner filed petitions to expunge the 1993 convictions based upon the executive pardon received from Governor Blagojevich. The State raised no objection and there was no hearing conducted on either petition. On October 23, 2005, the lower court entered an order denying petitioner's expungement petitions. The court checked the preprinted section of the order that states "Defendant/Petitioner is not eligible for expungement relief because he/she was previously convicted of a criminal offense or municipal ordinance violation other than the arrest noted above." A handwritten note was added to the order, stating: "Def's conviction on 86CR-1649 was affirmed and not pardoned - sentence of 8 yrs IDOC stands - ineligible."

Petitioner appeals the trial court's denial of his petitions for expungement. Petitioner and the State filed their briefs in this matter. In addition, on behalf of the Illinois Prison Review Board (IPRB), the Attorney General of Illinois was granted leave to file a statement of position.

## II. ANALYSIS

### A. Discretion of the Court if Petitioner Has a Prior Conviction

Under petitioner's first claim, he argues that the Governor's pardon granted him leave to expunge his record and the trial court erroneously denied his petitions as barred based on his prior criminal history. From a review of the record, this first issue has merit. This issue is a matter of statutory construction and a question of law; therefore, our review is *de novo*. *People v.*

1-05-4014

*Perry*, 224 Ill. 2d 312, 324 (2007).

Petitioner argues that the trial court misread the expungement statute, section 5 of the Criminal Identification Act (20 ILCS 2630/5 (West 2004)).  Petitioner explains that subsection (a) restricts eligibility to request expungement of a conviction to persons that have <u>not</u> previously been convicted of any criminal offense after an acquittal or dismissal of charges.  20 ILCS 2630/5(a) (West 2004).  Although petitioner concedes he would not be eligible for expungement under this subsection, he argues that subsection (c) provides a separate basis that clearly allows him to petition for expungement.  Subsection (c) reads, in pertinent part:

> "(c) Whenever a person who has been convicted of an offense is granted a pardon by the Governor which specifically authorizes expungement, he may, upon verified petition to the chief judge of the circuit where the person had been convicted, any judge of the circuit designated by the Chief Judge, or in counties of less than 3,000,000 inhabitants, the presiding trial judge at the defendant's trial, may have a court order entered expunging the record of arrest from the official records of the arresting authority and order that the records of the clerk of the circuit court and the Department be sealed until further order of the court upon good cause shown or as otherwise provided herein ***.  Upon conviction for any subsequent offense, the Department of Corrections shall have access to all sealed records of the Department pertaining to that individual. Upon entry of the order of expungement, the clerk of the circuit court shall promptly mail a copy of the order to the person who was pardoned."  20 ILCS 2630/5(c) (West 2004).

1-05-4014

Petitioner argues that subsection (c) is less restrictive than subsection (a) because it is for situations, such as his, where the individual has received an executive pardon and not merely an acquittal or dismissal of his charges. Both petitioner and the IPRB argue in their briefs that the language of the statute clearly grants discretion to a petitioner, who "may" seek expungement. Subsequent to the briefing in this matter, this court entered an opinion in *People v. Howard*,372 Ill. App. 3d 490 (2007), which petitioner moved to cite as additional authority and the parties capably discussed at oral argument. We note that this case was not published prior to IPRB's submission of its statement of position.

*Howard* involved a similar situation as this case, where the petitioner had been pardoned for one crime, but had a separate conviction on his record. *Howard*, 372 Ill. App. 3d at 491-92. Following a review of the effect of the language in subsection (c), the *Howard* court struck the second "may" from the statute as a grammatical error. Therefore, the sole explicit conditional act in that subsection is whether the petitioner files a petition. *Howard*, No. 1-05-1662, 372 Ill. App. 3d at 499-502.

This grammatical correction by the *Howard* court does not affect the conclusions of the parties. The State maintains that this correction simply solidifies the statute's grant of discretion to a petitioner to file a petition. The State argues that the trial court must be affirmed for properly exercising its discretion in denying the petition based on petitioner's criminal history. This argument, addressed fully below, ignores the language utilized by the trial court and the threshold issue of whether petitioner's prior convictions bar him from expunging the pardoned convictions.

1-05-4014

Petitioner and the IPRB assert that the trial court erroneously determined that petitioner was ineligible for expungement based on the 1986 conviction. The IPRB concludes that this matter must therefore be remanded for further proceedings. We agree. Subsection (a) restricts eligibility to petitioners that have been acquitted of charges and do not have prior convictions of record. Subsection (c), which stands alone from subsection (a), does not place such a restriction on a petitioner who has received an executive pardon. If the petitioner had brought his request under subsection (a), he would be ineligible based on his 1986 conviction; however, his petition was brought pursuant to subsection (c) and he is not restricted by the provisions of subsection (a). A fair reading of the record reveals that Judge Biebel erroneously denied the petition based solely on a belief that he had no discretion to grant the petitions because of petitioner's 1986 conviction.

B. Discretion to Grant or Deny an Expungement Petition Brought Under Subsection (c)

Although this case could have ended with a remand for further proceedings based on the erroneous denial of the petitions, a second issue arises from the one connection between subsections (a) and (c). Subsections (a) and (c) stand alone, but both fall under the provisions of subsection (d). Despite the language of subsection (d), the *Howard* court found that the trial court has no discretion to grant or deny an expungement petition when a petitioner has received an executive pardon and expungement is authorized pursuant to subsection (c). Petitioner argues that this requires remand for entry of an order granting his petitions.

The Illinois Constitution provides that "[t]he Governor may grant reprieves, commutations and pardons, after conviction, for all offenses on such terms as he thinks proper.

-6-

1-05-4014

The manner of applying therefore may be regulated by law." Ill. Const. 1970, art. V, §12. The Governor's power to grant a pardon is therefore found in the constitution. The power to grant a petition for expungement is created, not by the constitution, but by statute, and is limited by the authorization provided by the legislature. *People v. Thon*, 319 Ill. App. 3d 855, 859 (2001). The question to be resolved in this case is not whether the Governor properly granted the pardon pursuant to the constitution, but the effect of the order "permitting expungement under the provisions of 20 ILCS 2630/5."

This is a matter of statutory construction and, as charged by our supreme court, we decide the issue on nonconstitutional grounds. *In re E.H.*, 224 Ill. 2d 172, 178 (2006). Further, where a statute is clear and unambiguous, we also must avoid the use of extrinsic aids of interpretation, but enforce the law as written. *Perry*, 224 Ill. 2d at 323. This issue is a question of law; therefore our review is *de novo*. *Perry*, 224 Ill. 2d at 324.

As noted above, the State argues that the trial court has discretion to grant or deny these petitions and, if the matter is remanded, the trial court must maintain that discretion under the statute. The State argues that the conditional "may" in subsection (c) discussed above simply grants a pardoned individual discretion whether to petition for expungement. The State continues to argue that the statute clearly grants the trial court full discretion whether or not to grant a petition for expungement under subsection (d). 20 ILCS 2630/5(d) (West 2004).

The State asserts that, pursuant to the language of subsection (c), the Governor's pardon and authorization of expungement are merely permissive authorization to enter an expungement order and not an unreviewable mandate. The State concedes that it does not, and cannot,

-7-

challenge the Governor's pardon absent conclusive evidence of fraud or inadvertence. *People ex rel. Guidotti v. Bell*, 372 Ill. 572, 577 (1939). However, the State concludes that since the power to expunge is controlled by statute, the trial court is granted discretion in considering a petition by the use of "may" in subsection (c) and, more importantly, the language of subsection (d), which states in relevant part:

> "(d) Notice of the petition for subsections (a), (b), and (c) shall be served upon the State's Attorney or prosecutor charged with the duty of prosecuting the offense, the Department of State Police, the arresting agency and the chief legal officer of the unit of local government affecting the arrest. Unless the State's Attorney or prosecutor, the Department of State Police, the arresting agency or such chief legal officer objects to the petition within 30 days from the date of the notice, the court shall enter an order granting or denying the petition." 20 ILCS 2630/5(d) (West 2004).

The State concludes that the trial court simply exercised its discretion under subsection (d) when it denied the petitions for expungement based on petitioner's criminal history. Alternatively, the State argues that petitioner's criminal history renders him ineligible for expungement as a citizen that is not in "good standing," such that he stands to gain nothing from expungement because of his record.

There is no disagreement that, as noted above, subsection (c) grants discretion to an individual to petition for expungement. The *Howard* court's revision of that subsection does not alter the parties' position on that issue. Petitioner notes that the *Howard* court also concluded

that the expungement statute did not grant the trial court discretion to decide a petition where the Governor has explicitly authorized the petition. *Howard*, 372 Ill. App. 3d at 507. Petitioner therefore argues that this matter should be remanded to the circuit court for the entry of an order of expungement consistent with *Howard*. Petitioner correctly argues the *Howard* court's holding; however, we must respectfully disagree with the majority in *Howard* and agree with the dissent by Justice Fitzgerald Smith in that case. *Howard*, 372 Ill. App. 3d at 507 (Fitzgerald Smith, J., dissenting).

Writing for the *Howard* majority, Justice Joseph Gordon provides an impressive analysis of the legislative history of the expungement statute and relevant case law worthy of his esteemed reputation. *Howard*, 372 Ill. App. 3d at 498-505. We understand the majority's logic and reliance on the legislative debate in concluding the trial court has no discretion under the statute. Some members of the legislature may indeed have intended to remove the trial court's discretion to grant or deny an expungement petition authorized by an executive pardon. Furthermore, as petitioner argued, some legislators may indeed have commented and voted under the assumption that expunction of records would be automatic. The fact remains that, under subsection (d), language that would indicate this intent was not included.

While we agree that this court is authorized to correct grammatical errors in statutes, we agree with the dissent that the majority's final conclusion was overreaching and resort to extrinsic aids of interpretation is unnecessary in applying this statute. Simply, following the cardinal rule of statutory interpretation and viewing the statute as a whole, we cannot find that entry of an expungement order is mandatory. *Howard*, 372 Ill. App. 3d at 510-12 (Fitzgerald

1-05-4014

Smith, J., dissenting). Subsection (d) clearly references subsections (a), (b) and (c) without differentiation and grants discretion to the trial court to enter an order granting or denying the petition. 20 ILCS 2630/5(d) (West 2004). Because this language is so clear, we do not find the legislative history compelling.

Rather, we follow established case law that finds the trial court retains full discretion to either grant or deny an expungement petition under subsection (d). *Chesler v. People*, 309 Ill. App. 3d 145, 152 (1999), *appeal denied*, 188 Ill. 2d 569 (2000). To find that the statute requires entry of an order of expungement would ignore the clear inclusion of subsection (c) in the dispute process. To accept petitioner's argument that subsection (c) was only included in subsection (d) to provide for notice would ignore the plain language of the rest of the subsection. Furthermore, even with the second "may" of subsection (c) now stricken, the language of that section remains general and does not actively direct the trial court to enter an order upon review of a petition to expunge, but only allows the Governor to "authorize" such an action.

Whether this language was a check on the power of the Governor or poor legislative drafting, it is a matter for the legislature to remedy, not this court. Until such time as the legislature amends subsection (d) to remove petitions under subsection (c), the trial court retains discretion under subsection (d) to grant or deny a petition. Petitioner is eligible for consideration for expungement and this matter should be remanded for full consideration by the trial court.

Next, we also agree with the IPRB that our decision on remand has made the State's alternative argument against the merits of the petitions moot. We find further that, on remand, the State has waived the opportunity to raise these arguments against petitioner. Subsection (d)

clearly provides the State the opportunity to object to a petition, if such objection is made within 30 days of the receipt of notice of the petition. The record does not indicate any objection made by the State or any other official involved in petitioner's case. Therefore, the State has waived its objection and the trial court must grant or deny the petition based on the petition and record of this case.

This decision certainly does not foreclose petitioner's ability to have the 1993 convictions expunged. Pursuant to subsection (d) of the statute, the trial court is free to grant or deny petitioner's expungement request. 20 ILCS 2630/5(d) (West 2004). If, as petitioner argues, there is no legitimate reason to deny his petition, the trial court should grant it. We note that the broad discretion granted the trial court extends to the nature and kind of evidence considered, while a hearing governed by evidentiary rules of civil and criminal procedure is not required. *Chesler*, 309 Ill. App. 3d at 152-53. Though it is not exhaustive, we provide the list of factors cited by *Chesler* and Justice Fitzgerald Smith in the *Howard* dissent for the trial court to consider on remand: the strength of the State's case against petitioner; the State's reasons for wishing to retain the records; petitioner's age, criminal record and employment history; the length of time between the arrest and expungement petition; and the adverse consequences the petitioner may suffer if expungement is not granted. *Howard*, 372 Ill. App. 3d at 511-12 (Fitzgerald Smith, J., dissenting), citing *People v. Wells*, 294 Ill. App. 3d 405 (1998)*; Chesler*, 309 Ill. App. 3d at 152-53.

### III. CONCLUSION

In light of the foregoing, the decision of the trial court is reversed and the cause remanded

1-05-4014

for further proceedings consistent with this order.

Reversed; cause remanded.

CAMPBELL, J.,  concurs.


JUSTICE NEVILLE, dissenting:

I respectfully dissent because I do not think that section 5(d) of the Criminal Identification Act (Act) gives the trial court discretion to grant or deny a petition for expungement filed by a petitioner pursuant to subsection (c).  See *People v. Howard*, 372 Ill. App. 3d at 505-06; 20 ILCS 2630/5(c), (d ) (West 2004).

There are five facts that are critical to the decision in this appeal.  First, the trial court vacated the petitioner's 1993 convictions for aggravated criminal sexual assault and for attempted murder and robbery based on DNA testing. Second, after the trial court vacated the 1993 convictions, the Governor granted the petitioner a pardon of his 1993 convictions and incorporated an "order" in the pardon permitting the expungement pursuant to the provisions of the Act.  Third, the expungement petition was filed on February 10, 2005.  Fourth, the State filed no objections to the expungement petition. Finally, the trial court denied the petition because it felt Holland was ineligible for expungement due to a prior felony conviction for which he did not seek or receive a pardon.

The majority states that it followed the rules of statutory interpretation and viewed the statute as a whole, and then the majority holds that the entry of an expungement order is not mandatory.  Slip op. at 9.  The majority also holds that subsection (d) of the Act clearly

-12-

references subsections (a), (b) and (c) without differentiation and grants discretion to the trial court to enter an order granting or denying the expungement petition. Slip op. at 9-10.

I think the majority is in error. I think the *Howard* court correctly held (1) that subsection 5(a) makes expungement subject to the circuit court's discretion (see 20 ILCS 2630/5(a) (West 2004) ("[the specified judges] may upon verified petition of the defendant order the record of arrest expunged")), and (2) that subsection 5(c) makes expungement subject to the Governor's discretion but it is mandatory. *People v. Howard*, 372 Ill. App. 3d at 506. I think expungement is mandatory when an expungement petition is filed with the court with a pardon incorporating an authorization or order permitting the expungement attached to the petition.

In my opinion, subsection (d) merely prescribes the procedure for parties to file objections when expungement petitions are initially filed (1) with the court pursuant to subsection (a) or (b), or (2) with the Governor pursuant to subsection (c). See 20 ILCS 2630/5(a), (b), (c), (d) (West 2004). First, subsection (d) delineates the parties (the State's Attorney, The Department of State Police, the arresting agency, and the chief legal officer of the unit of local government affecting the arrest) that are entitled to receive notice of the expungement petition. Second, subsection (d) provides that if the parties receiving notice do not object within 30 days from the date of the notice, the court shall enter an order granting or denying the petition. 20 ILCS 2630/5(d) (West 2004). Finally, I submit that the only reason that subsection (d) refers to subsections (a), (b) and (c) is because the legislature wanted a uniform procedure for State's Attorneys and other interested government agencies to object to expungement petitions regardless of whether the expungement order was initially requested from

-13-

a court or from the Governor when requesting a pardon.

I note that the power to expunge is a creature of statute. *People v. Bushell*, 101 Ill. 2d 261, 268 (1984). I also note that the legislature promulgated the Criminal Identification Act and empowered the judicial branch to grant expungements in subsections (a) and (b). See 20 ILCS 2630/5(a), (b) (West 2004). I further note that the legislature expanded the Governor's constitutional power to pardon by empowering the Governor to authorize expungements in subsection (c). 20 ILCS 2630/5(c) (West 2004); Ill. Const. 1970, art. V, §12 (the Illinois Constitution provides that the Governor has the power to grant pardons after conviction for all offenses on such terms as he thinks proper). The legislature codified the judicial branch's expungement power in subsections (a) and (b), and the executive branch's expungement power in subsection (c) so that it would be clear that the judicial and executive branches had independent expungement power. See 20 ILCS 2630/5(a),(b),(c),(d) (West 2004).

Although the Governor issued a pardon with an order permitting the expungement of the petitioner's 1993 convictions pursuant to subsection (c), the majority still holds that subsection (d) gives the court discretion to grant or deny the petition. I disagree with the majority. The trial court does not have the power to grant or deny expungement petitions that are filed pursuant to subsection (c) because these petitions are predicated on the Governor's pardon which incorporates an authorization or an order that the pardoned conviction be expunged. *People v. Howard*, 372 Ill. App. 3d at 506. Because the expungement authorization was obtained from the Governor after a pardon and was incorporated in and is inextricably connected to the pardon, the court has no discretion to deny authorizations or orders that are incorporated in pardons attached

1-05-4014

to expungement petitions because the Governor has the constitutional power to pardon (Ill. Const. 1970, art. V, §12),  and the statutory power to authorize the expungement of convictions that have been pardoned.  20 ILCS 2650/5(c) (West 2004).  Because the Governor was given the power to authorize expungements in subsection (c), the trial court cannot deny an expungement petition brought pursuant to subsection (c) unless the Governor's pardon and expungement order are so palpably and conclusively wrong as to warrant an inference of fraud or inadvertence.   In this case, the Governor's pardon was not based on fraud because it was based on the court's 2003 order that vacated the  petitioner's 1993 convictions.   See *People ex rel. Guidotti v. Bell*, 372 Ill. 572, 577 (1939).

While the court has no discretion to grant or deny expungement petitions filed pursuant to subsection (c) with a Governor's pardon and expungement authorization or order issued pursuant to subsection (c) attached to the petition, the court does have discretion when petitions are filed pursuant to subsections (a) and (b).  The court was given expungement authority and the power to purge information from its records in subsection (a)[1] and the power to correct its own orders in subsection (b)[2].

The majority cites *Chesler v. People*, 309 Ill. App. 3d 145 (1999) as authority for its holding that "the trial court retains full discretion to either grant or deny an expungement petition

---

[1] Subsection (a) permits the court to grant an expungement after an acquittal or release without a conviction.  20 ILCS 2630/5(a)(West 2004).

[2]  Subsection (b) permits the court to grant an expungement if a conviction is made in the name of the wrong person.  20 ILCS 2630/5(b)(West 2004).

1-05-4014

under subsection (d)." Slip op. at p 10. The majority's reliance on *Chesler* is misplaced for two reasons: (1) because Chesler did not obtain a pardon from the Governor as the petitioner did in this case, and (2) because Chesler did not predicate his expungement petition on subsection (c) of the Act as the petitioner did in this case. Therefore, since subsection (c) is at issue in this case but was not involved in *Chesler*, that case does not support the majority's holding.

In this case, given the fact the Governor has pardon and expungement power, and given the fact there is no evidence of fraud connected to the Governor's pardon or order permitting the expungement of the petitioner's 1993 convictions, the petitioner has a right to have his 1993 convictions expunged, and the trial court has no discretion to deny the expungement petition. *People v. Howard*, 372 Ill. App. 3d at 503-07; *Bell*, 372 Ill. at 577. In my opinion, the majority's decision sets the courts on a collision course with separation of powers principles. Ill. Const. 1970, art. II, §1. The Illinois Constitution provides (1) that there are three branches of government, a legislative, executive and judicial branch, and (2) that no branch shall exercise power belonging to the other. Ill. Const. 1970, art. II, §1 . If the court can deny expungement petitions filed pursuant to subsection (c) with a Governor's pardon incorporating an expungement authorization or order issued pursuant to subsection (c) attached to the petition, the judicial branch will be invading the province of the Executive and acting as a superior executive branch.

In conclusion, I agree with the majority that this case should be remanded. However, I think this case should be remanded with directions to the trial court to enter an order granting petitioner's expungement petition.

-16-

1-05-4014