# Illinois Official Reports

## Appellate Court

*People v. Laguna*, **2014 IL App (2d) 131145**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIROSLAW LAGUNA, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIROSLAW LAGUNA, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-13-1145, 2-13-1149 cons. |
| Filed | August 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not abuse its discretion in denying defendant's petition to expunge his convictions for unlawful possession of a stolen motor vehicle, aggravated fleeing or attempting to elude a police officer, and aggravated driving under the influence, notwithstanding the fact that he was granted a gubernatorial pardon "With Order Permitting Expungement," since the record showed that the trial court considered the relevant factors, and those factors weighed in favor of the denial of expungement due to the seriousness of his offenses and the fact that the transferable nature of defendant's job skills reduced the negative consequences of any possible deportation. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, Nos. 00-CF-3166, 00-CF-3167; the Hon. Kathryn E. Creswell, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Alexander Z. Fiedotjew, of Law Office of A.Z. Fiedotjew, of Chicago, for appellant. |
|---|---|
| | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and James P. French, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Schostok and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Miroslaw Laguna, appeals the trial court's denial of his petition to expunge his convictions of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2000)) and aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a) (West 2000)) in case No. 00-CF-3166, and aggravated driving under the influence (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(A), (d)(1)(C) (West 2000)) in case No. 00-CF-3167. He was pardoned in 2013, and he contends that the trial court abused its discretion in its balancing of various factors when it denied the petition to expunge. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant, who is Polish, was arrested in November 2000 and later pleaded guilty. He was eligible for probation but instead was sentenced to six years' incarceration. In March 2013, defendant was granted a gubernatorial pardon "With Order Permitting Expungement." He then petitioned for expungement of the convictions so that he could avoid deportation. The State objected to the petition and, on September 30, 2013, a hearing was held.

¶ 4    At the hearing, defendant provided documents showing that, while incarcerated, he participated in spiritual development, stress and anger management, and substance abuse treatment. There was evidence that he had been sober since his release from prison in 2004 but had attended substance abuse treatment in 2008. Defendant also provided letters from neighbors and friends concerning his sobriety, good demeanor, willingness to help others, and efforts to care for his elderly mother. The letters showed that he had skills as an auto mechanic. He also presented a letter from Les Kuczynski, the executive director of the Polish American Congress, detailing difficulties defendant would face if deported, including that defendant does not speak the Polish language and that there is a high unemployment rate in Poland. Kuczynski wrote that defendant had no transferable employment skills, as his work experience was limited to working on a machine in an envelope company, and that defendant

- 2 -

would not be able to survive if deported. There was evidence that defendant was not admonished at the time of his guilty pleas that he could be deported.

¶ 5    Mark Dobrzycki, an employee of the Polish National Alliance, testified about defendant's family life and immigration status. Defendant came to the United States as a child. He was the caregiver for his elderly mother. Because of his convictions, he was under an order of deportation, and expungement of those convictions would prevent deportation. On cross-examination, Dobrzycki stated that defendant had multiple siblings in the Chicago area who assisted in caring for defendant's mother, although they did not live with her. One of the letters presented by defendant showed that his sister lived with her daughter in the apartment below defendant and his mother.

¶ 6    Defendant presented six additional witnesses, who identified themselves to the court. With the agreement of the State, defendant's attorney proffered that they would testify about his good character, good citizenship, and sobriety. Defendant argued that expungement should be granted because of his good character, employment history, substance abuse treatment, and immigration consequences. He also argued that he would be unable to care for his mother if he were deported.

¶ 7    The State presented evidence about the convictions that defendant sought to expunge. Defendant drank and abused drugs at a party. He then left the party in a stolen vehicle. When officers attempted to stop the vehicle, defendant briefly pulled over, but then drove off at a high rate of speed when the officers exited their squad car. After a high-speed chase, defendant crashed the vehicle, which then caught on fire. Defendant and a passenger were taken to the hospital. The events created a "huge emergency response" during which defendant's actions placed other motorists at risk of injury or death.

¶ 8    The State also presented a certified copy of defendant's driving abstract and transcripts from the criminal cases. Those documents showed that, before 2001, defendant was charged multiple times with driving under the influence of alcohol. He also was previously charged with criminal trespass to a motor vehicle, assault, and unlawful possession of a controlled substance. In 2010, he spent 18 months in federal custody for failure to make a timely application in good faith for travel documents.

¶ 9    The State noted that defendant's pardon was not based on actual innocence and that his crimes were very serious. The State argued that expungement would lessen the message of deterrence. It further argued that there was an interest in retaining the records, both for deterrence and because law enforcement, prosecutors, and future employers might have a need to be aware of the offenses.

¶ 10    The trial court noted the facts of the underlying offenses, stating that defendant's actions were dangerous to himself, his passenger, and everyone on the roadway. The court observed the "recurring theme" that defendant's mother needed his care. However, the court also noted that defendant's sister lived in the same apartment building. The court discounted arguments about defendant's employment skills should he be deported, because there was evidence that he had considerable skills as a mechanic. It further noted that, although defendant was not admonished about deportation when he pleaded guilty, the evidence against him was overwhelming. The court ultimately stated that it considered the mitigating evidence but found that it was outweighed by the seriousness of the offenses and the public's compelling interest in maintaining the records. Thus, the court denied the petition to expunge. Defendant appeals.

## II. ANALYSIS

Defendant contends that the trial court erred when it denied his petition to expunge.

The power of the Governor to grant a pardon is found in the Illinois Constitution. Ill. Const. 1970, art. V, § 12. Article V provides that "[t]he Governor may grant reprieves, commutations and pardons, after conviction, for all offenses on such terms as he thinks proper. The manner of applying therefore [*sic*] may be regulated by law." *Id.* "The power to grant or deny a petition for expungement is found in statutes created by the legislature." *People v. Howard*, 233 Ill. 2d 213, 217 (2009). Under section 5.2(e) of the Criminal Identification Act (Act) (20 ILCS 2630/5.2(e) (West 2012)), a person who has been pardoned may file a petition for expungement. However, "a gubernatorial pardon alone does not entitle a petitioner to expungement." *Howard*, 233 Ill. 2d at 218. The use of the word "permitting" in a pardon implicitly acknowledges that a court has the power to grant or deny a petition to expunge. *Id.* at 222.

We review the denial of a petition to expunge for an abuse of discretion. See *People v. Carroccia*, 352 Ill. App. 3d 1114, 1122 (2004). "An abuse of discretion exists only in cases where the trial court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Leon*, 306 Ill. App. 3d 707, 713 (1999).

At the time of the hearing, Illinois cases involving expungement in other contexts set out a list of factors to be considered by the trial court when deciding the matter. "The factors include: the strength of the State's case against the petitioner; the State's reasons for wishing to retain the records; the petitioner's age, criminal record and employment history; the length of time between the arrest and the expungement petition; and the adverse consequences the petitioner may suffer if expungement is not granted." *Chesler v. People*, 309 Ill. App. 3d 145, 151 (1999).

The test is a balancing of the factors. See *Carroccia*, 352 Ill. App. 3d at 1120. The list is also not exhaustive, and each case should be decided on its own merits. *Chesler*, 309 Ill. App. 3d at 151. For example, in *People v. Wells*, 294 Ill. App. 3d 405 (1998), the trial court did not abuse its discretion in determining that protecting the public against the defendant, who had killed one person and tried to kill another, outweighed the defendant's good behavior after the arrest, his advanced age, and his high level of education. *Id.* at 409-10. The *Wells* court further found that the State's interest in maintaining records outweighed the evidence in favor of expungement. *Id.* at 410.

The factors have been applied to expungement when the petitioner has been acquitted (*Carroccia*, 352 Ill. App. 3d at 1122-23), has been found not guilty by reason of insanity (*Wells*, 294 Ill. App. 3d at 409), and has completed supervision (*Chesler*, 309 Ill. App. 3d at 150-51). Here, the parties agree that the same factors should apply to a petitioner who seeks expungement after a gubernatorial pardon. We agree and further note that, shortly after the hearing on defendant's case, the legislature specifically incorporated the factors into the Act, thus making clear that they apply to all cases involving expungement. 20 ILCS 2630/5.2(d)(7) (West Supp. 2013). Accordingly, we review the trial court's application of the factors to defendant's case.

¶ 18      Defendant contends that reversal is required because the trial court failed to consider the factors, but the record shows otherwise. The trial court specifically discussed the strength of the case against defendant, finding that the evidence was overwhelming and that defendant's actions were particularly serious. The events included a high-speed chase that caused a large emergency response, put others at risk of serious injury or death, and caused injuries to defendant and his passenger. Defendant has not disputed those facts, nor has he disputed that he had a criminal history, much of which involved alcohol-related offenses that could put the public in danger.

¶ 19      The trial court also found that the State had a strong interest in retaining the records. As the State argued, expungement would lessen the message of deterrence. Further, there is an interest in keeping such records available to law enforcement and potential future employers. This is particularly true in light of the serious nature of the crimes.

¶ 20      As to factors such as defendant's age, his employment, and the length of time between his arrest and the expungement petition, evidence on those factors was presented and argued to the trial court, and the court stated that it considered all of the mitigating evidence. Defendant suggests that the court should have relied on his age and good citizenship to expunge the convictions and that it placed too much weight on the seriousness of his crimes and the public interest in retaining the records. But those factors were particularly strong reasons to deny expungement. Thus, as in *Wells*, the court was within its discretion to find that the serious nature of the crimes and the public interest in retaining records of them outweighed defendant's age and his good record after his release from incarceration.

¶ 21      Finally, the court considered and discounted defendant's argument that his mother needed his care. While certainly his role as a caregiver was an important factor, defendant had siblings available who could assist with his mother's care, including his sister who lived in the same building. Likewise, it was within the court's discretion to discount other immigration consequences, given the evidence that he had transferable job skills.

¶ 22      On this record, we cannot say that the trial court's ruling was arbitrary, fanciful, or unreasonable, or that no reasonable person would take the view that it adopted. Accordingly, the court did not abuse its discretion.

¶ 23                     III. CONCLUSION

¶ 24      The trial court did not abuse its discretion when it denied the petition to expunge. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

¶ 25      Affirmed.