2020 IL App (2d) 190504-U cons.
Nos. 2-19-0504, 2-19-0505, 2-19-0507, & 2-19-0509 cons.
Order filed May 15, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-4335 |
| JEFFERY T. GLOYER, | ) ) | Honorable Christen L. Bishop, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-4336 |
| KEVIN T. GLOYER, | ) ) | Honorable Christen L. Bishop, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-2094 |
| KEVIN T. GLOYER, | ) | Honorable |

|  | ) | Christen L. Bishop, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

| THE PEOPLE OF THE STATE | ) | Appeal from the Circuit Court |
| OF ILLINOIS, | ) | of Lake County. |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) |  |
| v. | ) | No. 11-CF-3583 |
|  | ) |  |
| JEFFERY T. GLOYER, | ) | Honorable |
|  | ) | Christen L. Bishop, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in denying defendants' petitions to seal
or expunge their arrest records and convictions in four cases for failure to register
as a sex offender:  contrary to defendants' assertion, the denials were not based on
a finding of statutory ineligibility, and the denials were justified by defendants'
criminal history and the public interest in retaining the records thereof.

¶ 2    Defendants, Jeffery T. and Kevin T. Gloyer, appeal the trial court's denial of their petitions

to seal or expunge arrest records and convictions in four cases for failure to register as a sex

offender (730 ILCS 150/6) (West 2008, 2010)).  Defendants contend that the trial court erred by

determining that the records were ineligible to be sealed under section 5.2(3)(C)(v) of the Criminal

Identification Act (Act) (20 ILCS 2630/5.2(3)(C)(v) (West 2018)) and that the trial court abused

its discretion in declining to seal the records.  We affirm.

¶ 3                              I. BACKGROUND

¶ 4    Defendants were required to register as sex offenders because of 2001 juvenile charges.

They were later convicted in multiple cases of failure to register; they sought to seal or expunge

the records.  Jeffery also sought to seal the records of a burglary conviction.  The record contains

agreed statements of fact/bystander reports along with reports of the proceedings that were held to formulate those agreed statements.

¶ 5     The State objected to sealing or expunging the records, arguing that the failure-to-register offenses were ineligible to be sealed or expunged under the Act. The State also argued that, based on defendants' repeated failures to register and their criminal history, the records could be used for impeachment purposes if they were charged with other crimes.

¶ 6     At the hearing that the court held on the petitions, Jeffery testified that he was attending Arizona State University in a master's degree program and was doing volunteer work. He lived with his mother in Houston, Texas and had a girlfriend in Chicago. The registration requirement had been legally removed by the juvenile court, and he was low risk to re-offend. The convictions hurt him in finding housing and employment. Jeffery had been previously charged with criminal sexual abuse and three instances of driving while his license was revoked.

¶ 7     The trial court granted Jeffery's petition in two cases. In case No. 05-CF-4431, Jeffery had been charged with failure to register, but the charges were dismissed. Another case, No. 06-CF-2896, was a burglary charge that was reduced to a misdemeanor. Jeffery testified that the charge occurred when he was a senior in high school and that it resulted from doing " 'stupid kid stuff' " in a junk yard. At the proceeding to review and establish the agreed statement of facts/bystander's report, the court noted that those were older cases.

¶ 8     The trial court denied Jeffery's petition in two failure-to-register cases. Case No. 11-CF-3583 was a felony charge that was reduced to a Class A misdemeanor to which Jeffery was sentenced to conditional discharge. That charge stemmed from his failure to change his registration to reflect a change in employment location. Case No. 09-CF-4335 was a Class 3 felony charge in which Jeffery was sentenced to conditional discharge. The court found that the offenses

were ineligible to be sealed under the Act. However, the court also exercised its discretion to deny the requests after considering statutory factors including Jeffery's criminal history, age, employment history, the time between convictions, and the totality of the circumstances surrounding the request to seal the records. At the proceeding to review and establish the agreed statement of facts/bystander's report, the court stated: "in the Court's discretion, we did go through each of the five factors that are in the statute, and the Court considered that, and criminal history is one of them." The court further stated: "[s]o, it wasn't just that they had these registration offenses and trouble managing the registration. It was also the fact that we had other offenses that were not registration offenses that were convictions, so the Court considered that as well."

¶ 9    At the hearing on the petitions, Kevin testified that he had a fiancée and a child. He had obtained a master's degree. The registration requirement had been legally removed by the juvenile court, and he was low risk to re-offend. He was required to travel internationally for his work, and the convictions made that difficult. Kevin had multiple convictions of failure to register in another county and was previously charged with unlawful restraint and domestic battery.

¶ 10    The trial court granted Kevin's petition to expunge in case No. 05-CF-4419, a case in which Kevin had been charged with failure to register but the charge had been dismissed. The court also granted the request to seal in case No. 11-CF-3414, which was a felony charge of failure to register that was reduced to a misdemeanor for attempted failure to register and to which Kevin was sentenced to conditional discharge. That charge arose from Kevin's failure to provide a license plate number as part of the registration process. The court decided to seal the records despite expressing uncertainty about whether the statute granted the court discretion to do so. [1]

_____

[1] Defendant suggests that this ruling undermines the State's argument about the eligibility

¶ 11    The trial court denied Kevin's petition in two failure-to-register cases, Nos. 09-CF-4336, and 11-CF-2094, which were Class 3 felony charges for which Kevin was sentenced to conditional discharge. As in Jeffery's case, the court found that the offenses were ineligible to be sealed under the Act. But the court also considered the statutory factors to deny the requests. Specifically, at the proceeding to review and establish the agreed statement of facts/bystander's report, the court stated that "given his other criminal history and the statute *** and the strength of the evidence in determining the factors and in its discretion" it denied those two requests to seal the records.

¶ 12    Defendants appeal the denials of their four petitions. We consolidated the cases on our own motion.

¶ 13                              II. ANALYSIS

¶ 14    Defendants argue that the trial court erred in determining that the records were ineligible to be sealed under the Act and that the court abused its discretion in denying their requests to seal the records. We determine that the trial court did not abuse its discretion. Accordingly, we need not, and do not, address whether the records were statutorily ineligible to be sealed.

¶ 15    The Act "authorizes the sealing of criminal records of adults and of minors prosecuted as adults." *Id.* § 5.2(c)(1). When records are sealed, they are physically and electronically maintained but are made unavailable without a court order. *Id.* § 5.2(a)(1)(K). The sealing provision of the Act identifies the records eligible to be sealed as "arrests" or "charges not initiated by arrest" that have resulted in various dispositions, including dismissal, acquittal, or conviction.

_____

of the records to be sealed or the trial court's exercise of discretion, stating that the State "cannot have their cake and eat it too." But the State does not take issue with the court's grant of defendants' petitions on appeal.

See *Id.* § 5.2(c)(2). The Act also excludes certain records from eligibility for either sealing or expungement. *Id.* § 5.2(a)(3). Among the records that cannot be sealed are records for sex offenses as defined in article 11 of the Criminal Code of 1961 (720 ILCS 5/11-0.1 *et seq.* (West 2018)). See 20 ILCS 2630/5.2(a)(3)(C) (West 2018).

¶ 16   When records are not excluded from eligibility and the State has objected, the Act requires the trial court to hold a hearing on whether to grant or deny the petition based on the evidence presented at the hearing. *Id.* § 5.2(d)(7). The court may consider: (1) the strength of the evidence supporting the defendant's conviction; (2) the reasons for retention of the conviction records by the State; (3) the petitioner's age, criminal record history, and employment history; (4) the period of time between the petitioner's arrest on the charge resulting in the conviction and the filing of the petition to seal or expunge; and (5) the specific adverse consequences the petitioner may be subject to if the petition is denied. *Id.* § 5.2(d)(7).

¶ 17   "We review the denial of a petition to expunge for an abuse of discretion." *People v. Laguna*, 2014 IL App (2d) 131145, ¶ 14. " 'An abuse of discretion exists only in cases where the trial court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court.' " *Id.* (quoting *People v. Leon*, 306 Ill. App. 3d 707, 713 (1999).

¶ 18   Here, the trial court did not abuse its discretion. The court made clear that it considered the statutory factors and granted the petition as to Jeffery's older cases. No. 05-CF-4431 had been dismissed. The other, No. 06-CF-2896, was a burglary charge that had been reduced to a misdemeanor. The court denied the petition on the more recent cases, neither of which had been dismissed. No. 09-CF-4335 was a felony offense that had not been dismissed. No. 11-CF-3583 stemmed from Jeffery's failure to change his registration after a change in employment. It too had

not been dismissed. The court stated that it was denying Jeffery's petitions for those cases, in part, based on Jeffery's criminal history.

¶ 19    As to Kevin, the trial court granted the petitions in two cases. No. 05-CF-4419 was an older dismissed case. No. 11-CF-3414 had been reduced to attempt and appeared to have resulted from a minor defect in the registration process—the failure to provide a license plate number. After considering the statutory factors, the court denied the petition in case Nos. 09-CF-4336 and 11-CF-2094, both of which were felony cases that had not been dismissed. Those determinations were reasonable. Defendants' repeated failures to register and criminal history were appropriate factors and, as the State noted in its objection, the cases could be considered for impeachment should defendants be charged with other crimes. See *People v. Montgomery*, 47 Ill. 2d 510, 515-17 (1971).

¶ 20    Defendants argue that the trial court abused its discretion because its ruling rested on the legally erroneous conclusion that the records were ineligible to be sealed, but the record makes clear that the court recognized the risk of an erroneous ruling and avoided entering one. Thus, in the alternative, the court carefully considered the factors and properly exercised its discretion. Contrary to defendants' assertion, the appeals do not turn on the eligibility of the records for sealing, as the court did not abuse its discretion in declining to seal them. Because we determine that the trial court did not abuse its discretion, we need not and do not decide whether the records were ineligible to be sealed.

¶ 21                              III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 23    Affirmed.